**631. INDUSTRIAL COMMISSION.**
See 396. Directed Verdicts. Indust. Com. v. Davis, OS. 6 Abs. 371.

**633. INFANTS.**
3-A 854 LAW ABSTRACT CO. 6-11—Evans
See 851. Notice and Knowledge. Cunningham, Ex. Parte, OA. 6 Abs. 374.

**639. INJUNCTION.**
See 483. Execution. Ford v. Anderson, Sheriff, et, OA. 6 Abs. 363.

**643. INSANITY.**
See 423. Drunkenness. Rucker v. State, OA. 6 Abs. 370.

**677. JUDGMENTS AND DECREES.**
Daly v. Savage, OA. 6 Abs. 374.

**681. JURISDICTION.**
Daly v. Savage, OA. 6 Abs. 374.
See 851. Notice and Knowledge. Cunningham, Ex. Parte, OA. 6 Abs. 374.
See 941. Practice and Procedure. Workman v. Green Cab Co., OA. 6 Abs. 366.

(Continued in June 30 Issue—Last Page)

# SYLLABI
## Ohio Supreme Court

### BELPASH et v. EMERINE

Ohio Supreme Court.

No. 20948

Decided June 6, 1928.

Error to Lucas Appeals.

Judgment affirmed.

**725. LIMITATION OF ACTIONS.**
Benefits of 11233 GC., inure to plaintiff, demurrer to whose petition has been erroneously sustained.

**ROBINSON, J.**
The benefits of Section 11233, General Code, inure to a plaintiff who has begun an action within the time limited by law for the commencement of such action, to whose petition a demurrer, upon the ground that it was not instituted within such time, has been erroneously sustained.

Marshall, CJ., Allen, Kinkade, Jones and Matthias, JJ., concur. Day J. concurs in the judgment.

---

### SPITZIG v. STATE ex Hile

Ohio Supreme Court.

No. 20971

Decided June 6 1928.

Error to Cuyahoga Appeals.

Judgment reversed.

**291. CONSTITUTIONAL LAW—915 Personal Injury—1104 Statutes.**
Legislature may, by special act, authorize county commissioners to pay compensation for injury, inflicted by State, where the duty to pay rests upon moral obligation only.

**KINKADE, J.**
Where the state inflicts an injury upon an individual, for the reparation of which no law exists, and the facts incident thereto are not in dispute, and the Legislature finds that a moral obligation rests upon the state to compensate the injured party for the damages sustained, the Legislature has full authority to provide, by special enactment, for the appropriation of public money to meet such moral obligation; and where the county is the active agent in causing the injury, a special act may confer on the board of county commissioners the power to pay such compensation from the general funds of the county. Such special enactments of the Legislature do not contravene any of the provisions of either the state or federal Constitution.

Marshall, CJ., Day, Allen, Robinson, Jones, and Matthias, JJ. concur.

---

### THEOBALD et v. FAYETTE CO. BD. COMM.

Ohio Supreme Court.

No. 20950

Decided June 6, 1928.

Error to Fayette Appeals.

Judgment affirmed.

**1159. TAXES & ASSESSMENTS — 323 County Commissioners—291 Constitutional Law.**
1. Section 1214 GC., is constitutional and valid.
2. Previous per centage assessment, by commissioners, upon lands abutting another highway, which is less than later assessment in another section of county, not ipso facto arbitrary action and gross abuse of power.

**1053. ROADS & HIGHWAYS.**
Section of inter-county highway, being constructed under authority of 1178 GC., et seq., by separate proceedings and under separate contract, constitutes separate and complete improvement.

**JONES, J.**
1. The provisions of Section 1214, General Code (107 O. L. 129), authorizing county commissioners, by unanimous vote, to increase the 10% assessed upon abutting property and assess an aggregate increased amount of 25% against such property, are constitutionally valid.
2. Where a section of an inter-county highway within a county is being constructed under authority of the highway law (Section 1178, General Code, et. seq.) by separate proceedings and let by a separate contract, such proceedings constitute a separate and complete improvement within the purview of the highway improvement law.
3. The fact that the county commissioners, in the construction of an inter-county highway, had previously imposed a per centage assessment upon lands abutting on another improved highway section in the same county which is less than that assessed against abutting lands in a later sectional improvement where varying conditions and benefits may be involved, does not ipso facto evidence arbitrary action and gross abuse of power on the part of such commissioners.

Marshall, CJ., Day, Allen, Kinkade, Robinson and Matthias, JJ., concur.